1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Patrick Farrell,                           No. CV-21-00697-PHX-DGC

10                  Plaintiff,                    **ORDER**

11   v.

12   Internal Revenue Service, et al.,

13                  Defendants.

14

15

16          Plaintiff Patrick Farrell has filed a *pro se* amended complaint alleging copyright

17   infringement against Defendant Internal Revenue Service ("IRS").[1]  Doc. 6.  The Court

18   previously granted Plaintiff's application to proceed in forma pauperis ("IFP"), dismissed

19   his complaint for failure to state a claim, and granted leave to amend the complaint.

20   Pursuant to 28 U.S.C. § 1915(e)(2), the Court will screen Plaintiff's amended complaint

21   and dismiss it as frivolous and for failing to state a claim on which relief may be granted.

22   The Court will grant Plaintiff leave to amend for a second time.

23   **I.    Screening of Complaints.**

24          In IFP proceedings, a district court must dismiss the case at any time if the court

25   determines that the action is frivolous, malicious, or fails to state a plausible claim for

26   relief.  28 U.S.C. § 1915(e)(2).  A district court dismissing under § 1915(e)(2) "should

27   ───────────────

28   [1] Plaintiff's original complaint also named Treasury Secretary Janet Yellin and IRS
Commissioner Charles Rettig as Defendants (Doc. 1), but the amended complaint names
only the IRS as a defendant (Doc. 6).

1  grant leave to amend even if no request to amend the pleading was made, unless it
2  determines that the pleading could not possibly be cured by the allegation of other facts."
3  *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc) (citations omitted).

4  **A.    Failure to State a Claim.**

5  A pleading must contain a "short and plain statement of the claim showing that the
6  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand
7  detailed factual allegations, "it demands more than an unadorned, the-defendant-
8  unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
9  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
10  statements, do not suffice." *Id.*

11  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
12  claim to relief plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550
13  U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that
14  allows the court to draw the reasonable inference that the defendant is liable for the
15  misconduct alleged. *Id.* "Determining whether a complaint states a plausible claim for
16  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
17  experience and common sense." *Id.* at 679.

18  **B.    Frivolousness.**

19  An IFP complaint is frivolous if it has "no arguable basis in fact or law."
20  *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (citation and internal quotations
21  omitted). The term "'frivolous,' when applied to a complaint, embraces not only the
22  inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*,
23  490 U.S. 319, 325 (1989).

24  **II.    Plaintiff's Amended Complaint.**

25  Plaintiff's original complaint, alleging nonspecific constitutional violations under
26  § 1983, was dismissed by the Court on May 11, 2021 for failure to state a claim for relief.
27  Doc. 5. Plaintiff filed his amended complaint on May 17, 2021. Doc. 6. The complaint
28  alleges one count of copyright infringement against the IRS. *Id.* Plaintiff seeks $500,000

1   in damages from the IRS and asks the Court to set aside a $5,000 fine imposed on him by

2   the IRS for filing a frivolous tax return in 2020.

3   **III.   Failure to State a Claim.**

4          To state a claim for copyright infringement, a plaintiff must show "(1) ownership of

5   the allegedly infringed work and (2) copying of the protected elements of the work by the

6   defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017)

7   (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)).   Plaintiff

8   alleges that he owns a copyright in his name and presents a document entitled "Common

9   Law Copyright Notice" to support this assertion.  Doc. 16 at 4-5, 16.  Plaintiff appears to

10  claim that, by assessing a fine against him, the IRS infringes on his alleged copyright.

11  Doc. 16 at 3-4.

12         The amended complaint fails to state a claim for copyright infringement.   The

13  complaint does not allege that Plaintiff has applied for a copyright in satisfaction of the

14  statutory precondition of a copyright infringement suit.   17 U.S.C. § 411(a) ("no civil

15  action for infringement of the copyright in any United States work shall be instituted until

16  preregistration or registration of the copyright claim has been made in accordance with this

17  title").  While Plaintiff asserts that his alleged copyright is "duly registered . . . as per Title

18  17 USC section 411" (Doc. 6 at 4), this assertion is supported only by his "Common Law

19  Copyright Notice" (Doc. 6 at 16-19), which plainly does not satisfy the statutory

20  precondition for copyright infringement actions. *See Miles v. United States*, No. 14-416C,

21  2014 WL 5020574, *4 (Fed. Cl. Oct. 6, 2014) (dismissing copyright infringement claim

22  supported only by similar "Common Law Copyright Notice").   Moreover, United States

23  copyright protection is not available for individual's names.  37 C.F.R. § 202.1 ("The

24  following are examples of *works not subject to copyright* and *applications for registration*

25  *of such works cannot be entertained*: (a) Words and short phrases such as *names*[.]")

26  (emphasis added).

27  / / /

28  / / /

- 3 -

**IV.    Frivolousness.**

While styled as a copyright infringement action, the heart of Plaintiff's amended complaint seems to be a challenge to the authority of the IRS to impose fines on him.  *See* Doc. 6 at 5 ("I am seeking a court Order to dismiss the defendants['] fine of $5,000 and give Plaintiff a judgment of $500,000 for copyright infringement.").  Plaintiff asserts that the IRS lacks the authority to fine him because he has copyrighted his name and the IRS infringes that copyright by attempting to fine him using his name.  *Id.* at 4 ("I think I can fine [the IRS] $500,000 for the use of my NAME to make money by their arbitrary and capricious fine[.]").  Plaintiff apparently thinks the IRS authority to fine him comes from a lien he asserts was filed by the IRS "on all men with arms and legs in the united states, liening [*sic*] on all corporate persons in the amount of $14 quadrillion dollars."  Doc. 6 at 5.  Plaintiff asserts that this alleged lien was filed three and a half years after he filed his Common Law Copyright Notice and thus his copyright preempts any lien the IRS has on "all men with arms and legs."  *Id.*  He attaches to his complaint as exhibits this putative lien.  Doc. 6 at 22-24.[2]

Plaintiff's challenge to the IRS's authority to fine him appears to be based on "sovereign citizen" and "redemptionist" legal theories.  As explained by the Third Circuit,

> [These theories] propound[] that a person has a split personality: a real person and a fictional person called the "strawman."  The "strawman" purportedly came into being when the United States went off the gold standard in 1993, and, instead, pledged the strawman of its citizens as collateral for the country's national debt.  Redemptionists claim that the government has power only over the strawman and not over the live person, who remains free.  Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman.  Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name . . . . Adherents of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records.

*Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3rd Cir. 2008).  The redemptionist theory also puts special emphasis on the use of all-capitals in legal documents.  As the District of

---

[2] Plaintiff draws attention to the fact that the alleged lien was filed by the "Internal Re-Venue Service," asserting that "*This means the IRS re-venued the private person into the public person making the private person liable for debts.*"  Doc. 6 at 5 (emphasis in original).

1    Connecticut has explained,

> 2    The Redemptionists claim that by a birth certificate, the government created
> 3    "strawmen" out of its citizens.  A person's name spelled in "English," that is
> with initial capital letters and small letters, represents the "real person," that
> 4    is, the flesh and blood person.  Whenever a person's name is written in total
> capitals, however, as it is on a birth certificate, the Redemptionists believe
> 5    that only the "strawman" is referenced, and the flesh and blood person is not
> involved.

6    *McLaughlin v. CitiMortgage*, 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (citations omitted).

7            These themes clearly animate Plaintiff's amended complaint.  He submits as an

8    attachment to his complaint so-called "Sovereignty Documentation," which purports to

9    show that he is "a natural, freeborn Sovereign . . . . [not] subject to any entity anywhere."

10   Doc. 6 at 6.  Paragraph 19 of the amended complaint states that "[t]he NAME in all

11   CAPITAL LETTERS is a Strawman, a clone, a corporate citizen with an account being

12   made using the NAME and the Birth Certificate as a Manufacturers [*sic*] Certificate of

13   Origin and using the person as a debtor/consumer and surety for the govt. financing."  *Id.*

14   at 3.  Plaintiff goes on to state in paragraph 24 of the amended complaint that "[t]he Birth

15   Certificate bond and money of account is at the core of my documentation, and who gets

16   to be in charge of the account.  That would be me not defendant.  That is the entire crux of

17   the matter."  *Id.* at 4.  Plaintiff apparently thinks that his sovereignty documentation and

18   his Common Law Copyright Notice give him a copyright in his "strawman," that is, his

19   name spelled in all capital letters, or PATRICK LORNE FARRELL, and that the IRS

20   infringes on his alleged copyright by fining him under this name.

21           Courts have repeatedly and emphatically rejected claims based on sovereign citizen

22   and redemptionist theories as frivolous.  *See, e.g.*, *United States v. Ward*, 182 F.3d 930 (9th

23   Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous"

24   and that "courts ordinarily reject similar contentions without extended argument"); *United*

25   *States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (characterizing sovereign citizen

26   arguments seeking to avoid taxation as "silly" and "frivolous"); *Miles*, 2014 WL 5020574,

27   at *4 (dismissing complaint because "Common Law Copyright Notice" was "patently

28   insufficient to support a nonfrivolous copyright infringement claim"); *Mallory v. Obama*,

- 5 -

No. 1:15-cv-1090, 2015 WL 7722034, *2 (W.D. Mich. Nov. 30, 2015) ("Plaintiff's complaint is patently frivolous.  The issuance of Plaintiff's birth certificate did not create a fictitious legal entity simply by capitalizing Plaintiff's name . . ."); *Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."); *U.S. v. McQuarters*, No. 11-mc-51386, 2013 WL 6095514, *2 (E.D. Mich. Nov. 20, 2013) (characterizing pleadings based on redemptionist arguments as "implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion") (internal quotations omitted); *McLaughlin*, 726 F. Supp. 2d at 213-14 (noting that, if plaintiff's claims were premised on redemptionist or two other related sovereign citizen theories, "that fact alone would be sufficient to grant [Defendant's] Motion to Dismiss, as all three of these theories have been universally and emphatically rejected by numerous federal courts for at least the last 25 years").

The IRS is not authorized to impose fines on individuals by some alleged lien for $14 quadrillion on "all men with arms and legs" in the United States.  Rather, the IRS is statutorily authorized to impose $5,000 fines for the assertion of frivolous claims on tax returns.  26 U.S.C. § 6702.  Pursuant to § 6702(c), the IRS periodically publishes a list of positions which it identifies as being frivolous.  Redemptionist arguments such as the one Plaintiff puts forward in his complaint have been classified by the IRS as frivolous and have been discussed in multiple revenue rulings.  *See* Internal Revenue Serv., *The Truth About Frivolous Tax Arguments* 45-46 (2018); Rev. Rul. 2005-21, 2005-1 C.B. 822 ("[a] taxpayer cannot avoid income tax on the erroneous theory that the government has created a separate and distinct entity or "straw man," in place of the taxpayer and that the taxpayer is not responsible for the tax obligations of the "straw man"); Rev. Rul. 2004-31, 2004-1 C.B. 617 (discussing the frivolousness of "removal," "redemption," and "chargeback" tax avoidance schemes).  It is apparent from Plaintiff's complaint that the IRS levied a $5,000 fine on him after he filed his 2020 tax return.  *See* Doc. 6 at 2 ("Plaintiff filed his 2020

1   1040 form and defendant fined hime [*sic*] $5000");[3] *id.* at 4 ("The IRS thinks it can fine

2   me $5000 for filing a common 1040 form based on their UCC-1").  It is also apparent that

3   the IRS has fined Plaintiff several times in the past pursuant to their § 6702 authority.  *See*

4   Doc. 6 at 3 ("In 2008 I filed my taxes requesting a $47,000 refund.  The IRS first said they

5   would refund this but changed their mind and fined me $5,000.  I argued in federal court

6   and they charged me another $5,000, I argued some more then they charged me another

7   $5000, I argued again and then they charged me again for a total of $20,000[.]"); *id.* at 21

8   ("In 2016 I filed my taxes and the defendants threatened me with a frivolous fine of $5,000

9   if I did not withdraw my filing.").

10         There is no arguable basis in law or fact presented in the amended complaint that

11   the IRS was without the authority to fine Plaintiff by virtue of his sovereign citizen beliefs

12   or his asserted copyright interest in his name – material that cannot be afforded copyright

13   protection under current U.S. law in any event.  Accordingly, his amended complaint will

14   be dismissed as frivolous because it does not assert any nonfrivolous legal or factual

15   grounds on which the IRS fine can be contested.

16   **V.    Leave to Amend.**

17         It is not clear from the face of Plaintiff's amended complaint that there exists no

18   legitimate basis that he can plead to challenge the propriety of the fine levied on him by

19   the IRS.  There are no allegations from which the Court can glean with certainty the IRS's

20   basis for the fine Plaintiff contests.  The Court accordingly will grant Plaintiff leave to

21   amend his complaint to state a nonfrivolous basis to contest the IRS fine.

22         Plaintiff must clearly designate on the face of the document that it is the "Second

23   Amended Complaint." The second amended complaint must be retyped or rewritten in its

24   entirety and may not incorporate any part of the original complaint or first amended

25   complaint by reference.

26         A second amended complaint supersedes the original complaint and first amended

27   complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v.*

28

---

[3] A "1040 form" refers to IRS Form 1040, the U.S. Individual Income Tax Return.

*Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint and first amended complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint or first amended complaint is waived if it is not raised in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.   Warnings.**

   **A.   Address Changes.**

   Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.   Possible Dismissal.**

   If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's complaint for failing to comply with a court order).

   **C.   Plaintiff Must Become Familiar With Rules.**

   Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**IT IS ORDERED:**

1.      The amended complaint (Doc. 6) is **dismissed** for failure to state a claim and for frivolousness.  Plaintiff shall file his amended complaint on or before **November 1, 2021** in compliance with this Order.

2.      If Plaintiff fails to file a second amended complaint on or before **November 1, 2021**, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 12th day of October, 2021.

David G. Campbell
Senior United States District Judge